# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER DAVID OJEDA-BELTRAN and EVA DOMINGUEZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CHICAGO POLICE OFFICERS G. LUCIO (Star #10383), M. GOMEZ (Star #12589), and the CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) |

Case No. 07 C 6667

Judge Marvin E. Aspen

## MEMORANDUM OPINION AND ORDER

Plaintiffs Javier David Ojeda-Beltran and Eva Dominguez (collectively, "Plaintiffs") bring this action against the City of Chicago ("City") and individual Chicago Police Officers G. Lucio and M. Gomez (collectively, "Defendant Officers") based on events beginning on the evening of May 28, 2007, with the allegedly false arrest of Ojeda-Beltran, and continuing until the charges were dropped on June 13, 2007. Plaintiffs assert thirteen claims against Defendant Officers – seven state law claims for assault, battery, intentional infliction of emotional distress, and malicious prosecution, and six federal claims under 42 U.S.C. § 1983 for excessive force, failure to intervene, unlawful seizure, and Equal Protection and Due Process violations. Additionally, Plaintiffs bring two claims against the City – a state law *respondeat superior* claim and a federal 42 U.S.C. § 1983 *Monell* claim. The City has filed a motion to bifurcate the *Monell* claim from the other claims pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant the City's motion for bifurcation and stay the discovery and trial of the *Monell* claim pending resolution of the claims against Defendant

1

Officers.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), a district court is authorized to order separate trials of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . always preserving inviolate the right of trial by jury." Fed. R. Civ. P. 42(b). A district court has "considerable discretion" in deciding whether to separate a claim pursuant to Rule 42(b). *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000); *see also Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). While separation of issues should not be customary, "it is important that it be encouraged where experience has demonstrated its worth." *Jones v. City of Chi.*, No. 98-C-5418, 1999 WL 160228, at *2 (N.D. Ill. Mar. 10, 1999).

## DISCUSSION

Plaintiffs' motion focuses on their *Monell* claim. In *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court held that a local governmental unit can be directly liable under 42 U.S.C. § 1983 when the "execution of a government's policy or custom" inflicts the constitutional injury at issue in the case. *Id.* at 694. Here, Plaintiffs claim that the allegedly unconstitutional actions of Defendant Officers were done pursuant to the City's policies, practices and customs. (Compl. ¶¶ 155-158). The City seeks to bifurcate this claim from Plaintiffs' other claims.

Courts in our district have both granted and denied similar motions by the City. *See Medina v. City of Chi.*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) (denying bifurcation while acknowledging that many district courts have opted to grant bifurcation in similar

circumstances); *see also Cadiz v. Kruger*, No. 06-C-5463, 2007 WL 4293976, at *2 (N.D. Ill. Nov. 29, 2007); *Elrod v. City of Chi.*, No. 06-C-2505, 2007 WL 3241352, at *1-2 (N.D. Ill. Nov. 1, 2007). These decisions reflect a case-specific assessment of the advantages and disadvantages of bifurcation. *Cadiz*, 2007 WL 4293976, at *2; *Elrod*, 2007 WL 3241352, at *2. Therefore, a ruling on bifurcation "will consider the principles in light of the facts of this case and the parties' arguments." *Id.*

Here, we find that bifurcation of the *Monell* claim is appropriate because: (1) it will promote efficiency and economy both for the parties and for the Court; (2) it will protect Defendant Officers from potential undue prejudice at trial; and (3) it will not be prejudicial to Plaintiffs. Although the City did not specifically request to stay the discovery and trial of the *Monell* claim as part of its motion to bifurcate, because bifurcation in the absence of a corresponding stay would render many of the City's arguments inapposite, we will assume that the City is seeking such a stay. Armed with this assumption, we address each of the three arguments in support of bifurcation.

## I. Efficiency and Economy for the Parties and the Court

We agree with the City that it is more efficient to resolve Plaintiffs' claims against Defendant Officers "before turning to the more burdensome and time-consuming task" of litigating the *Monell* claim. (Mot. ¶ 4). Convenience, expedition, and economy are furthered "where a separate trial 'disposes of one charge or establishes a necessary element of a second charge.'" *Myatt v. City of Chi.*, 816 F. Supp. 1259, 1264 (N.D. Ill 1992) (quoting *Ismail v. Cohen*, 706 F. Supp. 243, 251 (S.D.N.Y. 1989)). In the instant case, unless Plaintiffs can prove that Defendant Officers violated their constitutional rights, their *Monell* claim against the City

3

will fail as a matter of law. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S. Ct. 1571, 1573 (1986) (explaining that *Monell* does not authorize an award of damages against a municipality based on the action of its officers if a jury concludes that no constitutional harm was inflicted); *Myatt*, 816 F. Supp. at 1264 (stating that if "the individual officers are not held liable, the City cannot be held liable under a *Monell* claim"). Establishing Defendant Officers' constitutional liability will either dispose of, or prove a necessary element of, Plaintiffs' *Monell* claim. *Id.* Therefore, it is most efficient to determine whether Defendant Officers violated Plaintiffs' constitutional rights before requiring both us and the parties to expend resources litigating a claim which we may never have to reach.

Plaintiffs contend that litigating the *Monell* claim will not require significant additional time, effort, or money outside of that required for litigation of the claims against Defendant Officers. (Resp. at 6). They argue that the City has already done much of the necessary work in connection with previous *Monell* litigation and that there is a substantial overlap between the substance of the *Monell* claim and the substance of Plaintiffs' claims against the individual defendants. (*Id.* at 6, 8-9.)

Plaintiffs' contention that the *Monell* litigation will not require substantial additional resources on the part of the parties is difficult to reconcile with the colossal scope of their *Monell* discovery requests. (Mot. Ex. B). Secondly, Plaintiffs have requested the production of an extensive collection of documents and provide no evidence, other than one bald assertion, that any of the requested documents have been previously collected or produced by the City. (Resp. at 6). Furthermore, while there will inevitably be some overlap in the substance of the claims, substantially different evidence is required to prove the liability of Defendant Officers and the

4

*Monell* liability of the City. *See Medina,* 100 F. Supp. 2d at 894; *Myatt,* 816 F. Supp. at 1264; *Cadiz*, 2007 WL 4293976, at *3. Here, the claims against Defendant Officers are focused on the specific incidents involving their interactions with Plaintiffs and need not involve an inquiry into the City's policies to proceed.[1]

Accordingly, we conclude that litigation of the *Monell* claim is likely to require a considerable investment of resources on the part of the parties and the Court outside of those required for the resolution of the claims against Defendant Officers. We find it prudent to resolve the claims against Defendant Officers before engaging in costly and time-consuming litigation of the *Monell* claim.

## II. Protection from Undue Prejudice Against Defendant Officers

We believe that there is a real "danger that evidence admissible on the issues relating to conduct by the City . . . will contaminate the mind of the finder of fact in its consideration of the liability of the other defendant[s]." *Ismail v. Cohen*, 706 F. Supp. 243, 252 (S.D.N.Y. 1989). As demonstrated by Plaintiffs' complaint and discovery requests, Plaintiffs intend to prove their *Monell* claim, at least in part, through the introduction of evidence regarding alleged acts of police misconduct committed by non-party officers. We think a substantial risk exists that such evidence would be prejudicial to Defendant Officers in their attempts to defend themselves against Plaintiffs' claims and conclude that bifurcation of the *Monell* claim is a proper means to combat this potential prejudice.

---

[1] We also believe that bifurcation promotes judicial economy by avoiding these potentially unnecessary resource expenditures.

### III.  Prejudice Suffered by Plaintiffs

We do not think that bifurcation will be prejudicial to Plaintiffs.  Although Plaintiffs unquestionably have "the right to select the claims [they] wish[] to pursue, so long as those claims state legally viable causes of action," *Cadiz*, 2007 WL 4293976, at *6, bifurcation will not impinge on this right.  Our decision to bifurcate at this stage in no way denies Plaintiffs their opportunity to pursue all of their claims, including the *Monell* claim.  It is simply an attempt to prevent any unnecessary resource expenditures on the part of the Court and the parties, and to prevent undue prejudice against Defendant Officers.  Additionally, although Plaintiffs may desire to pursue all of their claims at once, we see no evidence that litigating them separately will be detrimental to Plaintiffs' chances of success on any of their claims.

The parties disagree about the relief available to Plaintiffs outside of their claims against Defendant Officers.  The City argues that bifurcation of the *Monell* claim will not be prejudicial to Plaintiffs because it will in no way affect their damage award.  (Mot. ¶ 7; Reply at 8-10).  The City contends correctly that *Monell* litigation cannot provide Plaintiffs with monetary damages above what they recover against Defendant Officers.  See *Spanish Action Comm. of Chi. v. City of Chi.*, 766 F.2d 315, 321 (7th Cir. 1985); *Medina*, 100 F. Supp. 2d at 895-96; *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981) (holding that punitive damages are not recoverable from a municipality under 42 U.S.C. § 1983 claim).  Because the City has stipulated to pay any judgment entered against Defendant Officers (including attorneys' fees) for violation of Plaintiffs' constitutional rights, they argue that Plaintiffs gain nothing through litigation of their *Monell* claim.  (Mot. Ex. C; Reply at 8-10).

For their part, Plaintiffs contend that there is non-economic relief available from the

6

pursuit of their *Monell* claim that would be lost to them if the pending bifurcation motion is granted and they are permitted to only pursue their claims against Defendant Officers. (Resp. at 8) (explaining that Plaintiffs may be entitled to injunctive relief against the City). They also argue that pursuing their *Monell* claim serves a societal purpose by forcing the City to scrutinize the sufficiency of their own policies. (*Id.* at 9-12.)

While the City's stipulation does remove the potential for any economic benefit to Plaintiffs through pursuit of their *Monell* claim, our inclination is to agree with Plaintiffs that there are non-economic benefits that can be obtained through suing the City that are unavailable through the suit of Defendant Officers. However, we decline to engage in this debate. A necessary premise of the City's and Plaintiffs' arguments on this topic is that bifurcation of Plaintiffs' *Monell* claim means that the claim cannot go forward. This is a premise that we do not accept. If Plaintiffs are successful in their claims against Defendant Officers, they are free to pursue their *Monell* claim against the City. In ordering the bifurcation and stay of Plaintiffs' *Monell* claim against the City, we have simply attempted to balance party convenience, judicial economy, prejudice against Defendant Officers, and prejudice against Plaintiffs. Bifurcation of the *Monell* claim is not dismissal of the *Monell* claim.

## CONCLUSION

For the foregoing reasons, we grant the City's motion to bifurcate Plaintiffs' 42 U.S.C. § 1983 *Monell* claim against the City and order the discovery and trial of the *Monell* claim stayed pending resolution of the claims against Defendant Officers. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Date: July 16, 2008

7